**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WINTHROP PRINTING | ) | |
| COMPANY, INC., | ) | Chapter 7 |
| Debtor | ) | Case No. 08-15744-FJB |
| | | |
| MARK G. DEGIACOMO, | ) | |
| CHAPTER 7 TRUSTEE OF | ) | |
| WINTHROP PRINTING | ) | |
| COMPANY, INC., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 10-01020-FJB |
| | ) | |
| CITIGROUP, INC., | ) | |
| Defendant | ) | |

**CITIGROUP INC.'S ANSWER TO COMPLAINT**

JURISDICTION, VENUE AND STANDING

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that Citigroup Inc. is a corporation. Further answering, Citibank (South Dakota) N.A. is the party which contracted with Scott Bernstein and is the real party in interest.

GENERAL ALLEGATIONS

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted that some payments were made. Defendant is in the process of verifying the dates and amounts of all payments and whether new value was provided at or around the time payments were allegedly made. Defendant is thus without sufficient information to admit or deny the allegations in Paragraph 9 and calls upon Plaintiff to prove same.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 including what the Plaintiff considers a sufficient response to the demand and Defendant thus calls upon Plaintiff to prove same.

## CLAIMS FOR RELIEF

11. No response required.

12. The allegations contained in Paragraph 12 of the Complaint state conclusions of law and do not require a response, and hence none is provided. To the extent an answer is required, the allegations are denied and Defendant calls upon Plaintiff to prove same at trial.

13. The allegations contained in Paragraph 13 of the Complaint state conclusions of law and do not require a response, and hence none is provided. To the extent an answer is required, the allegations are denied and Defendant calls upon Plaintiff to prove same at trial.

14. The allegations contained in Paragraph 14 of the Complaint state conclusions of law and do not require a response, and hence none is provided. To the extent an answer is required, the allegations are denied and Defendant calls upon Plaintiff to prove same at trial.

15. Admitted that some payments were made. Defendant is in the process of verifying the dates and amounts of all payments and whether new value was provided at or around the time payments were allegedly made. Defendant is thus without sufficient information to admit or deny the allegations in Paragraph 15 and calls upon Plaintiff to prove same.

16. Defendant is thus without sufficient information to admit or deny the allegations in Paragraph 16 and calls upon Plaintiff to prove same.

17. The allegations contained in Paragraph 17 of the Complaint state conclusions of law and do not require a response, and hence none is provided. To the extent an answer is required, the allegations are denied and Defendant calls upon Plaintiff to prove same at trial.

18. Admitted that some payments were made. Defendant is in the process of verifying the dates and amounts of all payments and whether new value was

provided at or around the time payments were allegedly made.  Defendant is thus without sufficient information to admit or deny the allegations in Paragraph 18 and calls upon Plaintiff to prove same.

19. The allegations contained in Paragraph 19 of the Complaint state conclusions of law and do not require a response, and hence none is provided.  To the extent an answer is required, the allegations are denied and Defendant calls upon Plaintiff to prove same at trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant states that transfers made from the Debtor to Defendant were intended as contemporaneous exchanges for new value and were, in fact, contemporaneous exchanges for new value.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that transfers made from the Debtor to Defendant were not made on account of an antecedent debt.

### THIRD AFFIRMATIVE DEFENSE

The Debtor was not insolvent when the transfers were made.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant did not receive more than it would have received if the case were a case under Chapter 7 of the Bankruptcy Code, the transfers had not been made and the Defendant received payment of such debt to the extent provided under the provisions of the Bankruptcy Code.

## FIFTH AFFIRMATIVE DEFENSE

The transfers made from the Debtor to the Defendant were payments of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and made according to ordinary business terms.

## JURY DEMAND

Citigroup Inc. hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, Citigroup Inc., respectfully requests that this Court:

a)      Grant judgment in favor of Defendant against Plaintiff;

b)      Dismiss the Complaint and all of Plaintiff's claims with prejudice;

c)      Grant Defendant the costs of suit and its reasonable attorney's fees; and

d)      Grant such other and further relief as this Court deems just and proper in the circumstances.

Citigroup Inc.
By its attorney,

        /s/ *Robert F. Tenney*
Robert F. Tenney (BBO #565092)
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 North Main Street
Natick, MA  01760
(508) 651-7524

DATED: March 26, 2010

301719

4

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WINTHROP PRINTING | ) | |
| COMPANY, INC., | ) | Chapter 7 |
| Debtor | ) | Case No. 08-15744-FJB |

| | | |
|---|---|---|
| MARK G. DEGIACOMO, | ) | |
| CHAPTER 7 TRUSTEE OF | ) | |
| WINTHROP PRINTING | ) | |
| COMPANY, INC., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 10-01020-FJB |
| | ) | |
| CITIGROUP, INC., | ) | |
| Defendant | ) | |

**CERTIFICATE OF SERVICE**

I, Robert F. Tenney, Esquire, state that on March 26, 2010, I electronically filed the foregoing CITIGROUP INC.'S ANSWER TO COMPLAINT with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System.  I served the foregoing documents on the following CM/ECF participants:

Ryan M. MacDonald (rmacdonald@murthalaw.com)
James Radke (jradke@murthalaw.com)

Citigroup Inc.
By its attorney,

/s/ *Robert F. Tenney*
Robert F. Tenney (BBO #565092)
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 North Main Street
Natick, MA  01760
(508) 651-7524

5